FILED
SUPERIOR COURT
OF GUAM

2023 SEP 19 PM 3:32

CLERK OF COURT

BY:_____ 𝒶𝓌 _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**RENATO CAPILI BOSI aka Ray,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0596-17**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 14, 2023, for hearing on Defendant **RENATO CAPILI BOSI aka Ray's** ("Defendant") Motion for Reduction of Sentence. Present were Assistant Attorney General J. Basil O'Mallan III on behalf of the People of Guam ("the Government") and Defendant with counsel, Public Defender Stephen P. Hattori. In accordance with its ruling from the bench on September 8, 2023, the Court now issues the following Decision and Order DENYING Defendant's Motion for Reduction of Sentence.

## BACKGROUND

On April 25, 2019, Defendant was found guilty by a jury of twelve of two (2) counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony); two (2) counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor); and one (1) count of Child Abuse (As a Misdemeanor). At Sentencing, the Court denied Defendant's request for Safety Valve Relief, but granted Defendant's Request for a Reduction of Offense under 9 G.C.A. § 80.22 as to the First Charge of Second Degree Criminal Sexual Conduct (As a First Degree Felony) – Two Counts.

The Court sentenced Defendant to six (6) months of incarceration at the Department of Corrections for the First Count of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), *as a lesser-included offense* to the First Charge of Second Degree Criminal Sexual Conduct (As a First Degree Felony) – Count One; twelve (12) months of incarceration at the Department of Corrections for the Second Count of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), *as a lesser-included offense* to the Second Count of Second Degree Criminal Sexual Conduct (As a First Degree Felony) – Count Two, consecutive to the First Count; and eight (8) months of incarceration at the Department of Corrections for the Third Charge of Child Abuse (As a Misdemeanor), consecutive to the other sentences. The Court indicated that as to the two counts of the Second Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), any sentence would merge with the other criminal sexual conduct charges. In total, Defendant was sentenced to twenty-six (26) months of incarceration, with fourteen (14) months to be served. *People v. Bosi,* 2022 Guam 15 ¶ 8; Con't Sent'g Tr. 7:18-25, Aug. 8, 2019.

Defendant appealed his convictions to the Supreme Court of Guam. The Government cross-appealed the reduction of the Second Degree Criminal Sexual Conduct convictions. On appeal, the Supreme Court of Guam affirmed the convictions. *See Bosi,* 2022 Guam 15.

On May 16, 2023, Defendant filed his Motion for Reduction of Sentence. On June 9, 2023, the Government filed its Opposition. On July 17, 2023, Defendant filed an Addendum to the Attachments of the Motion for Reduction of Sentence.

On August 14, 2023, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

The reduction of a sentence after entry of judgment is governed by 8 G.C.A. § 120.46, which provides as follows:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of

the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 G.C.A. § 120.46. "Section 120.46 is identical to the first two sentences of former [Federal Rules of Criminal Procedure] Rule 35." 8 G.C.A. § 120.46, Note. "A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the . . . court." *United States v. Thayer,* 857 F.2d 1358, 1360 (9th Cir. 1988) (quoting *United States v. Hooton,* 693 F.2d 857, 859 (9th Cir. 1982)). It allows the court to decide whether, "on further reflection, the original sentence now seems unduly harsh." *United States v. Smith,* 650 F.2d 206, 208 (9th Cir. 1981) (citation omitted).

## I. Leniency

Defendant first seeks leniency from the Court, asking to either suspend the term of his sentence or order that any incarceration term be served on the weekends, in light of the following facts: he has been released without incident since he was charged in 2017, he is now 63 years old, and he is caring for his wife who is recovering from treatment for diabetes and cirrhosis of the liver. *See generally,* Mot. Reduce, May 16, 2023. Attached to the Motion and a subsequent Addendum are letters in support of the Motion from Defendant; Richard Devita, Charito Joy Agustin, Emma Lambino, and Florence Ando as Officers of the International House of Worship; and Juris Ezra Tria. *See* Mot. Reduce (Attachments), May 16, 2023; Addendum to the Attachments of the Motion for Reduction of Sentence Filed May 16, 2023. Defendant also provides five Superior Court of Guam cases in support of his request to either suspend the balance of the sentence or to serve his sentence on the weekend.[1] (Mot. Reduce at 2). The Government opposes, arguing that Defendant has already received the benefit of a sentence reduction and should not be permitted to serve his sentence on the weekends because the law was not designed to allow for such sentences. *See generally,* Opp'n, Jun. 9, 2023.

---

[1] Four of the five cases (CF0178-21; CM058-18; CF0603-13; and CF0620-12) adjudicated through plea agreements with the Government, unlike the instant matter which went to trial. The Court acknowledges that the fifth case (CF0734-18) resulted in a conviction after jury trial for Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), however, the defendant ultimately served his sixty (60) day sentence in one block post appeal.

*People v. Bosi*
Case No. CF0596-17
Decision and Order

Upon review, the Court is not convinced that there has been a significant change in circumstances nor any new mitigating factors warranting its original sentence to be disturbed. Defendant received the benefit of a significant sentence reduction at the time of his original sentencing, when the Court granted his request to reduce the two counts of Second Degree Criminal Sexual Conduct to Fourth Degree Criminal Sexual Conduct pursuant to 9 G.C.A. § 80.22. Prior to this reduction, Defendant faced a minimum of five (5) years imprisonment and a maximum of twenty (20) years imprisonment for *each* count of Second Degree Criminal Sexual Conduct. *See* 9 G.C.A. § 25.20(b) ("Criminal Sexual Conduct in the second degree is a felony in the first degree, but a person convicted of criminal sexual conduct in the second degree who receives a sentence of imprisonment shall not be eligible for work release or educational programs outside the confines of prison. The term imposed shall not be suspended . . . nor probation imposed in lieu of said minimum term; nor shall parole be granted; nor shall the provisions under § 80.31 of Article 2, Chapter 80, Title 9 GCA [Prison Terms for First Offenders] apply. Any such sentence shall include a special parole term of not less than three (3) years, in addition to such time of imprisonment."); 9 G.C.A. § 80.30(a). Thus, while Defendant faced up to forty (40) years imprisonment just for the two counts of Second Degree Criminal Sexual Conduct, he received the benefit of a *significantly* lesser sentence of eighteen months imprisonment for the two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), *as a lesser-included offense* to the First Charge of Second Degree Criminal Sexual Conduct (As a First Degree Felony) – Two Counts. *See* Judgment, Oct. 16, 2019 (Defendant sentenced to six months for the first count; twelve months for the second count, to be served consecutively). The Court does not find that the "sentence now seems unduly harsh," *Smith,* 650 F.2d at 208, and will not suspend any additional portion nor allow Defendant to serve the sentence solely on the weekends.

**II. Merger**

Defendant next argues that "[u]nder the merger doctrine, the term of incarceration should be four months as the eight months of the child abuse should merge with the twelve months for the fourth degree criminal sexual conduct charge." *Id.* at 3. The Government opposes, arguing that Defendant waived the issue of merger because he "did not pose any double jeopardy or

merger issues to the Supreme Court of Guam on appeal" and that "the Legislature intended for child abuse and criminal sexual conduct to be sentenced separately under the *Blockburger* test."[2] (Opp'n at 4).

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. "It is well established that the Double Jeopardy Clause protects against successive prosecutions as well as successive criminal punishments for the same crime." *People v. San Nicolas*, 2001 Guam 4 ¶ 8 (citation omitted). Here, Defendant was convicted of violating two different statutes: 9 G.C.A. § 25.30, Fourth Degree Criminal Sexual Conduct, and 9 G.C.A. § 31.30, Child Abuse. Defendant does not set forth any authority or additional argument as to why the charges should merge. Defendant simply sets forth that "the child abuse allegations involve the same course of conduct as the First and Second Count of the First Charge. As such, this eight month sentence should run concurrent under the merger doctrine." (Mot. Reduce at 2).

> Determining whether a court can punish a defendant under two distinct statutory provisions for offenses arising out of a single act or transaction is a two step analysis. First the court must look to the legislative branch to determine whether multiple punishments are authorized. If the legislature has expressly authorized multiple punishments, the analysis ends. However, absent authorization by the legislature, a presumption arises that the same offense cannot be punished under two separate statutory provisions. The court must then take the second step in its analysis and employ *Blockburger* to determine whether the two statutes in effect punish the same offense.

*People v. Palisoc*, 2002 Guam 9 ¶ 36 (internal citations omitted). Under *Blockburger*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be

---

[2]  The Court notes that while the issue of merger as to the child abuse and fourth degree criminal sexual conduct charges does not appear to have been brought up on appeal, there is a footnote in the opinion indicating that Defendant raised a double jeopardy argument "predicated on reversal of his CSC II and CSC IV convictions" which was ultimately not addressed by the Supreme Court of Guam because the convictions were not reversed. *Bosi*, 2022 Guam 15 n. 1. The Supreme Court of Guam did find, however, that Defendant waived the issue of whether the charge of Second Degree Criminal Sexual Conduct set forth in the Indictment was duplicitous because he did not object to the Indictment before trial. *Id.* at ¶ 44. Although the issue of merger as to child abuse and fourth degree criminal sexual conduct was not appealed and therefore may be considered waived, the Court will still briefly address the issue.

applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304 (1932).

Here, the Court finds that the elements of the Fourth Degree Criminal Sexual Conduct charge are completely different from the elements of Child Abuse. "A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if . . . force or coercion is used to accomplish the sexual contact." 9 G.C.A. § 25.30(a)(1). "A person is guilty of child abuse when having a child in his care or custody or under his control, he unreasonably causes or permits the physical, or emotional health of that child to be endangered." 9 G.C.A. § 31.30(a)(2)(c). "Merger does not result simply because the same evidence is offered to prove both offenses." *People v. Diaz,* 2007 Guam 3 ¶ 57 (citing *United States v. Cedar,* 437 F.2d 1033, 1036 n.3 (9th Cir. 1971)). "[C]ertain factors that point to a construction of the two statutes as creating separately punishable offenses, such as the lack of language, history, or purpose to suggest that they were merely variant formulations of the same wrong designed to afford prosecutors alternative approaches or to reach different classes of offenders." *Diaz,* 2007 Guam 3 ¶ 58 (quoting *Cedar,* 437 F.2d at 1036). The Court does not find that the two offenses are different formulations to reach similar conduct but rather, as the Government sets forth, that they seek to redress different conduct. Accordingly, the Court will not merge the sentence for Child Abuse into the sentence for Fourth Degree Criminal Sexual Conduct.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for Reduction of Sentence. Defendant shall commence his term of imprisonment on **September 29, 2023** at **12:00 noon.**

**IT IS SO ORDERED,** this ___09/19/2023___, *nunc pro tunc* to September 8, 2023.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam